IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| COMMISSIONER OF INSURANCE OF PUERTO RICO,<br><br>Plaintiff,<br><br>v.<br><br>MMM HEALTH CARE, INC., AND MSO OF PUERTO RICO, INC.,<br><br>Defendants. | CIV. NO. 22-1045 (SCC) |

**OPINION AND ORDER**

Defendants MMM Health Care, Inc., and MSO of Puerto Rico, Inc., are healthcare organizations that removed this case from an executive agency called the Office of the Commissioner of Insurance of Puerto Rico ("OCI"). OCI moves to remand, arguing, among other things, that the defendants' notice of removal is untimely. We agree and thus grant its motion.

OCI is investigating whether the defendants violated Puerto Rico's Insurance Code. It has ordered them to hand over documents related to their relationships with radiology centers and sanctioned them for not complying with its requests. The defendants claim that it lacks jurisdiction to do

| | |
|---|---|
| COMM'R OF INS. OF P.R. V. MMM HEALTHCARE, INC. ET AL. | Page 2 |

these things. Having raised this argument before OCI administratively and moved to stay those proceedings to no avail, they removed the case here. OCI now moves to remand on the grounds that the defendants' notice of removal is untimely, this case is not removable, and there is no federal question to confer subject-matter jurisdiction. Docket No. 5.

We begin and end with timeliness. First, the basics. Defendants may remove a lawsuit that plaintiffs filed in state court to federal court if the federal court would have original jurisdiction over it. *Universal Truck & Equip. Co. v. Southworth-Milton, Inc.*, 765 F.3d 103, 107–08 (1st Cir. 2014) (citing 28 U.S.C. § 1441(a)). Defendants have two thirty-day windows to file their notice of removal. *Romulus v. CVS Pharm., Inc.*, 770 F.3d 67, 73 (1st Cir. 2014). The first window opens when defendants receive a copy of plaintiffs' initial pleading. *Id.* (quoting § 1446(b)(1)). The second opens when defendants receive "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is . . . removable." *Id.* (quoting § 1446(b)(3)). After defendants file

their notice of removal, plaintiffs may seek to remand within thirty days if defendants' removal did not comply with statutory requirements (*i.e.*, if it is procedurally defective). § 1447(c). Policing whether defendants' removal is timely falls to the parties and can be waived. *Universal Truck & Equip. Co.*, 765 F.3d at 110 ("Multiple circuits, including this one, have reiterated that . . . § 1447(c) 'effectively assigns to the parties the responsibility of policing non-jurisdictional questions regarding the propriety of removal, permitting them to assert a procedural defect or to waive the defect if they choose to remain in the federal forum.'"). When a procedural defect is timely raised, the removing party bears the burden of proving that removal was proper. 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3739 (Westlaw, last updated April 2022).

OCI argues that the defendants' notice of removal is untimely. Docket No. 5, pgs. 7–8. The defendants' only counterargument is that the thirty-day time period is not jurisdictional. Docket No. 8, pgs. 2–3. The thirty-day period is

procedural, rather than jurisdictional, in the sense that it can be waived if it is not timely raised. *Universal Truck & Equip. Co.*, 765 F.3d at 110; *see also Esposito v. Home Depot U.S.A.*, 590 F.3d 72, 75 (1st Cir. 2009) ("[A] defect in the removal process . . . is not considered to be a jurisdictional defect, and unless a party moves to remand based on this defect, the defect is waived and the action may proceed in federal court."). But absent waiver, "federal courts rigorously enforce [§ 1446(b)]'s thirty-day filing requirement." *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991). The defendants filed their notice of removal on January 25, 2022, and OCI filed its motion to remand on February 24, 2022. Because OCI has timely raised this procedural defect, we will enforce § 1446(b)'s thirty-day filing requirement.

Now we turn to whether the defendants' notice of removal is timely. Both sides appear to agree that the underlying administrative proceedings began on July 9, 2021, when the Asociación de Centros de Radiología de Puerto Rico filed a complaint with OCI against the defendants. Docket

No. 7-1, pg. 1. OCI sanctioned the defendants for not complying with its document requests on November 16, 2021. Docket No. 7-1, pg. 5. The defendants challenged that order and moved to stay those proceedings. Docket No. 7-1, pgs. 7–15. OCI denied their motion to stay on November 30th. Docket No. 7-1, pg. 17. The parties received notification of that order on December 2nd. Docket No. 7-1, pgs. 17–18. The defendants filed their notice of removal on January 25, 2022. Docket No. 1. Going back in time by thirty days, the defendants need to point us to a paper they received no earlier than December 26, 2021, that is either an initial pleading or one from which it could first be ascertained that this case is removable. They have not done so. And our own review of the record reveals no such paper. Thus, their notice of removal is untimely. We remand this case to the Office of the Commissioner of Insurance of Puerto Rico on that ground.

OCI seeks attorney's fees and costs. Docket No. 5, pgs. 17–18. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees,

incurred as a result of the removal." § 1447(c). The Supreme Court has instructed that, "absent unusual circumstances," courts may award costs and attorney's fees under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). OCI tells us—with no additional argumentation—that removal here was "obviously improper." Docket No. 5, pg. 17. We deny its conclusory request for costs and attorney's fees. *See generally Watson v. United States*, 37 F.4th 22, 29 n.3 (1st Cir. 2022) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990))).

In sum, because the defendants did not file their notice of removal within one of their two thirty-day windows to do so, the Court **REMANDS** this case to the Office of the Commissioner of Insurance of Puerto Rico. We pass no judgment on the merits.

Case 3:22-cv-01045-SCC   Document 15   Filed 09/08/22   Page 7 of 7

Comm'r of Ins. of P.R. v. MMM Healthcare, Inc. et al.                                Page 7

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of September 2022.

> S/ SILVIA CARREÑO-COLL
> UNITED STATES DISTRICT COURT JUDGE